UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RUSSELL SAULNIER,

        Petitioner,

vs.                                    Case No. 3:16-cv-969-J-39MCR

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.
_____

**ORDER**

Petitioner Russell Saulnier initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) on July 27, 2016, pursuant to the mailbox rule.[1] He challenges 2012 state court (Duval County) judgments of conviction for sexual battery, attempted sexual battery, attempted lewd and lascivious molestation, and lewd and lascivious molestation. Id. Respondents, in their Motion to Dismiss Petition for Writ of Habeas

---

[1] The Court gives pro se inmate petitioners the benefit of the mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988). See 28 U.S.C. § 2244(d). In this instance, the Petition was provided to the prison authorities for mailing and stamped on July 27, 2016. Petition at 1. See Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give a prisoner the benefit of the mailbox rule with respect to his inmate pro se state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

Corpus (Response) (Doc. 16),[2] argue the Petition must be dismissed with prejudice as untimely. Petitioner filed a Reply (Doc. 17). See Order (Doc. 15).

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] The Court will reference the page numbers assigned by the electronic docketing system where applicable. The Court hereinafter refers to the Exhibits (Doc. 16) submitted in support of the Response as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit. Otherwise, the page number on the particular document will be referenced.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner was charged by information with two counts of sexual battery and two counts of lewd or lascivious molestation. Ex. 3 at 14. On February 13, 2012, Petitioner signed a Plea of Guilty and Negotiated Sentence form. Id. at 31-34. He entered pleas of guilty to attempted sexual battery, sexual battery, attempted lewd or lascivious molestation, and lewd or lascivious molestation. Id. at 31. He pled guilty in exchange for a negotiated sentence of twelve years imprisonment, concurrent, followed by ten years of sexual offender probation on counts one, two and three. Id. As part of the agreement, he understood he would be designated a sexual predator. Id. The court entered judgment on February 13, 2012.[3] Ex. 2 at 1-2. As set forth in the agreement, the court designated Petitioner a sexual predator and sentenced him to concurrent terms of twelve years, followed by ten

---

[3] On July 17, 2015, the court corrected scrivener's errors on the face of the judgment as to counts one and three and re-recorded the judgment and sentence, *nunc pro tunc*, to February 13, 2012. Ex. 3 at 35-42.

3

years of sexual offender probation on counts one, two, and three. Id. at 4-8. Ex. 3 at 38-42.

Petitioner did not appeal. Thus, the judgments became final thirty days later on Wednesday, March 14, 2012. See Fla. R. App. P. 9.140(b)(3); Saavedra v. State, 59 So.3d 191, 192 (Fla. 3rd DCA 2011); Gust v. State, 535 So.2d 642, 643 (Fla. 1st DCA 1988) (holding that, when a defendant does not file a direct appeal, the conviction becomes final when the thirty-day period for filing a direct appeal expires).

Although Petitioner, on April 23, 2014, pursuant to the mailbox rule, filed a state Petition for Writ of Habeas Corpus,[4] Ex. 3 at 1-22, this motion did not toll the federal one-year limitation period because it had already expired on Friday, March 15, 2013. See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must file the motion within one year after his conviction becomes final in order to toll the one-year limitation period), cert. denied, 534 U.S. 1144 (2002); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per

---

[4] The Florida Supreme Court transferred the Petition for Writ of Habeas Corpus to the circuit court to be considered as either a motion for post conviction relief pursuant to Rule 3.850, or a Rule 3.800(a). Ex. 3 at 23. The circuit court found the Rule 3.850 motion untimely filed and dismissed it with prejudice, and denied the Rule 3.800(a) motion. Ex. 3 at 23-30. The First District Court of Appeal affirmed per curiam. Ex. 6. The mandate issued June 2, 2016. Id.

4

curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), cert. denied, 531 U.S. 991 (2000). Thus, this action was not timely filed.[5]

Based on the foregoing, the Petition is untimely and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted. The Court recognizes that "§ 2244(d) is subject to equitable tolling in appropriate cases."

---

[5] Although the judgment and sentence were re-recorded on July 17, 2015, *nunc pro tunc* to February 13, 2012, due to scrivener's errors, this does not reset the clock for purposes of calculating the one-year imitation period. See Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1293 (11th Cir. 2007) ("AEDPA's statute of limitations begins to run from the date both the conviction and the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence.") (emphasis in original) (applying the United States Supreme Court's ruling in Burton v. Stewart, 549 U.S. 147 (2007)), cert. denied, 555 U.S. 1149 (2009). In Petitioner's case, the new judgment and sentence "only corrected what was essentially a scrivener's error," Mathews v. Sec'y, No. 8:09-CV-57-T-30EAJ, 2009 WL 5128027, at *1 (M.D. Fla. Dec. 21, 2009), the omission of the words "attempted" and "a lesser included offense" and the correlating statutory references for those lesser included offenses. The "Corrected Judgment" did nothing more than correct a clerical or scrivener's error, and Petitioner's sentences remained unchanged. Without a substantive change to Petitioner's legally operative judgment and sentence, the AEDPA clock does not start anew. See United States v. Greer, 79 F. App'x 974, 974-75 (9th Cir. 2003) (finding an amended judgment, which merely corrected a clerical mistake in the original written judgment, without substantive change, does not restart the limitation period for a § 2255 motion).

Holland v. Florida, 560 U.S. 631, 645 (2010). There is a two-pronged test for equitable tolling, and it requires a petitioner to demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Id. at 649 (quotation marks omitted); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence") (citation omitted).

Petitioner does not assert he is entitled to equitable tolling. Even assuming he had, he has not shown extraordinary circumstances that were both beyond his control and unavoidable with diligence.[6] Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).

---

[6] At most, Petitioner asserts he had difficulty obtaining the reports from defense counsel, post-conviction. Petition at 10. However, he did obtain the reports on December 28, 2012, with assistance of the Florida Bar. Id. As noted by Respondents, even assuming Petitioner could not have discovered the information contained in the reports prior to that date, he failed to promptly pursue his state court remedies, waiting well over a year to file his state petition for writ of habeas corpus, even measuring from the December 28, 2012 date. See Response at 12.

6

Instead of asserting entitlement to equitable tolling, Petitioner contends that this Court should address the merits of the Petition because he is actually innocent. Reply at I-ii; 8-9. To invoke the fundamental miscarriage of justice exception to AEDPA's statute of limitations, a habeas petitioner must make a credible showing of actual innocence with new evidence **that was not available at the time of his trial**. See McQuiggin v. Perkins, 569 U.S. 383, 392-93 (2013). To do so, "a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" Id. at 399 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1985)).

Petitioner, however, points to no new evidence that was not available at the time of his plea. Indeed, he complains that his attorneys did not show him the "discovery pack" the defense had obtained containing two Chronological Notes Reports from December 30, 2004 and January 4, 2005, respectively, in which the victim denied any offenses had previously taken place.[7] Reply at 12, 18. See Ex. 4. Petitioner alleges that both the Public Defender's Office and retained counsel obtained this information but withheld it from him. Reply at 18. As such, Petitioner's defense counsel were aware of the contents of the discovery. Id. at 20. In fact,

---

[7] Petitioner states his counsel had the discovery pack prior to the negotiated plea date, and Petitioner inquired about the contents of the pack, and was advised the reports concerned interviews of the victim concerning the Petitioner. Reply at 18-19.

7

Petitioner states his defense counsel had the discovery pack on April 6, 2011, long before Petitioner signed the plea agreement. Id. at 34.

Since all of the referenced evidence was available at the time of the plea, it does not constitute new evidence. Pursuant to Schlup and its progeny, Petitioner is required to offer new reliable evidence that was not available at the time of his trial. Obviously, this evidence was available at the time of trial. Moreover, Petitioner has not presented any new exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.

Also of import, Petitioner has not shown that it is more likely than not that no reasonable juror would have convicted him in the light of the evidence contained in the discovery pack.[8] Although the victim denied there were any sexual offenses when she was initially interviewed in late 2004 and in January 2005, when she was older, in 2009, she confided in friends about the incidents. Ex. 3 at 15. On January 26, 2010, the victim reported that Petitioner sexually molested her when she was ten years of

---

[8] Although the victim originally denied any offenses had taken place prior to December 30, 2004 and January 4, 2005, later on, she told authorities sexual misconduct had taken place. Petitioner contends that if the judges had seen the two Chronological Notes Reports all charges would have been dismissed. Petition at 10. Upon review, the record demonstrates the reports addressed a fraction of the period of alleged abuse. The abuse, as charged, covered a five-year period, from March 5, 2004 through March 4, 2009.

age. Id. Eventually, the state charged Petitioner with sexual battery taking place between March 5, 2004 and March 4, 2006, and between March 5, 2006 and March 4, 2009, and lewd or lascivious molestation taking place between March 5, 2004 and March 4, 2006, and between March 5, 2006 and March 4, 2009.

On February 13, 2012, Petitioner pled to the lesser included offenses for the incidents occurring between March 5, 2004 and March 4, 2006, but pled to the charged offenses for those incidents occurring between March 5, 2006 and March 4, 2009, when the victim was older.

As noted by Respondents, Petitioner failed to come forward with any new reliable evidence of innocence. See Response at 18. Petitioner has failed to make a credible showing of actual innocence by failing to offer new evidence that is directly probative of his innocence (DNA evidence, forensic evidence, alibi evidence, or a confession). In this instance, "the basic facts of the evidence existed at the time of trial and is not really new." Kuenzel v. Allen, 880 F.Supp.2d 1205, 1218 (N.D. Ala. 2011). As such, Petitioner has not presented this Court with new exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.[9]

---

[9] To the extent Petitioner is claiming he received the ineffective assistance of trial counsel, this claim goes to legal innocence, not factual innocence. See Reply at 19-20, 41. Petitioner is required to show "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623

Because Petitioner has not shown an adequate reason why the dictates of the one-year limitation period should not be imposed upon him, this case will be dismissed with prejudice as untimely.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) is **DISMISSED with prejudice.**

2. The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing this case with prejudice.

3. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[10] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

---

(1998); see Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1012-13 (11th Cir. 2012), cert. denied, 568 U.S. 914 (2012).

[10] If Petitioner appeals the dismissal of the Petition, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after due consideration, this Court will deny a certificate of appealability.

4. The **Clerk** shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 17th day of May, 2018.

BRIAN J. DAVIS
United States District Judge

sa 5/16
c:
Russell Saulnier
Counsel of Record